**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

STATE FARM FIRE AND
CASUALTY COMPANY,
    Plaintiff,

v.                            Civil Action No.  3:24-cv-00803 (MRC)

LISA RICHARDS, a/k/a
LISA MCGEE RICHARDS, *et al.*
    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff/Counterclaim Defendant State Farm Fire and Fire Casualty Company's ("State Farm") Motion to Dismiss Count II of Counterclaim (the "Motion to Dismiss," ECF No. 26). State Farm seeks dismissal of Count II of Defendants/Counterclaimants Lisa Richards and Spencer Richards's (collectively, "the Richardses") counterclaim for Anticipatory Breach of Contract. For the reasons set forth below, the Court GRANTS State Farm's Motion to Dismiss (ECF No. 26) and DISMISSES Count II of the Counterclaim.

## I.      BACKGROUND AND PROCEDURAL HISTORY

On February 8, 2023, State Farm issued a Homeowners insurance policy (the "Homeowners Policy") to Milton Byrd, identifying Mr. Byrd as the "insured" and "118 Rappahannock Road, Colonial Beach, Virginia 22443 (the "Premises") as the "Location of Residence Premises." (ECF No. 13-1.) On January 17, 2024, a fire occurred at the Premises, causing severe damage to the structure and its contents. (ECF No. 13 ¶ 2.)  During State Farm's investigation into the fire, it learned that Mr. Byrd died on May 8, 2023, approximately eight months before the fire. (ECF No. 13 ¶ 3.) Mr. Byrd's daughter and administrator of his estate, Lisa

1

Richards, and her husband, Spencer Richards, lived at the Premises at the time of the fire on January 17, 2024. Though the Parties agree that Ms. Richards was the sole owner of the Premises at that time, they disagree as to whether the Homeowners Policy provides insurance coverage for the losses the Richardses incurred in the fire.

Consequently, on April 24, 2025, State Farm filed this action seeking declaratory judgment as to whether it is obligated to pay certain claims for insurance coverage for the fire loss lodged by the Richardses. (ECF No. 13 ("Am. Compl.").) State Farm claims that the action is subject to this Court's diversity jurisdiction, alleging that the amount in dispute exceeds $75,000, State Farm is an Illinois citizen, and Defendants are citizens of Virginia, Delaware, and California.[1] (Am. Compl. ¶ 6.)

On May 15, 2025, the Richardses filed their Answer to the Amended Complaint and Counterclaim against State Farm for Breach of Contract (Count I), or alternatively, Anticipatory Breach of Contract (Count II). (ECF No. 17.) On June 13, 2025, State Farm filed the instant Motion to Dismiss (ECF No. 26), Brief in Support of the Motion to Dismiss (ECF No. 27), and Answer to the Counterclaim (ECF No. 28). The Richardses filed their Response opposing the Motion to Dismiss on June 24, 2025. (ECF No. 30.) State Farm timely filed its Reply, rendering the matter ripe for review. (ECF No. 32.)

## II.    STANDARD OF REVIEW

The Rule 12(b)(6) standard governing counterclaims is identical to that which governs complaints. *See, e.g., Fisher v. Va. Elec. & Power Co.*, 258 F. Supp. 2d 445, 447 (E.D. Va. 2003). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a [pleading]; importantly, it does

---

[1] The third defendant, Mutual of Omaha Mortgage, Inc., is listed as a mortgagee on the Homeowner's Policy and is joined as a party to the action "to the extent its rights or interests may be affected by the resolution of this action." (Am. Compl. ¶ 11.)

not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Federal Rule of Civil Procedure 8 only requires that a counterclaim set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with pleadings containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must assert facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted) and state a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege[ ] facts sufficient to state all the elements of [his or] her claim[ ]." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.2003).

### III.     ANALYSIS

In Count II, the Richardses contend that State Farm's delay in denying or granting the insurance claim is, in effect, a repudiation of its contractual duties by making clear that it does not intend to pay. (Counterclaim ¶ 62, 64.) State Farm argues that neither filing for declaratory judgment, nor the allegations made in support of such an action, can form the factual basis for an anticipatory repudiation claim. (ECF No. 27 at 5.) Instead, State Farm maintains its declaratory judgment action seeks clarification from this Court as to its obligations under the Homeowners Policy, which is a far cry from making the requisite "positive, unconditional, and unequivocal

declaration" not to perform that forms the basis of an anticipatory breach of contract claim. (ECF No. 27 at 5, citing *Dingley v. Oler*, 117 U.S. 490, 502 (1886).) Thus, State Farm asks the Court to dismiss Count II of the Counterclaim because it goes against the very purpose of a declaratory judgment action.

Under Virginia law, [2] it is well established that "if one party to a contract declares in advance that he will not perform at the time set for his performance, the other party may bring an immediate action for total breach of contract." *City of Fairfax v. Wash. Metro. Area Transit Auth.*, 582 F.2d 1321, 1325 (4th Cir. 1978). To constitute an anticipatory breach, "it must appear that the party bound under a contract has unequivocally refused to perform." *City of Fairfax v. Washington Metro. Area Transit Auth.,* 582 F.2d 1321, 1326 (4th Cir. 1978). "The repudiation must be clear, absolute, unequivocal, and must cover the entire performance of the contract." *Bennett v. Sage Payment Solutions, Inc.*, 282 Va. 49, 59, 710 S.E.2d 736, 736 (2011) (citing *Vahabzadeh v. Mooney*, 241 Va. 47, 50, 399 S.E.2d 803 (1991)). The repudiation cannot rest on a "partial breach, nor can it be based on mere delay unless the contract makes time of the very essence." *Fairfax*, 582 F.2d at 1327. Instead, the repudiation must relate to "the whole consideration" and very "essence of the contract." *Id.* at 1328.

Courts in this district have made clear that "the anticipatory breach doctrine is only applied where exacting requirements are met." *Tandberg, Inc. v. Advanced Media Design, Inc.,* No. 1:09CV863, 2009 WL 3669739 at *2 (E.D. Va. Nov. 3, 2009). "The requirement of an absolute and unequivocal refusal to perform is applied with 'strictness,' such that a conditional statement

---

[2] The Court must apply Virginia substantive law to this breach of contract claim. "A federal court exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits, including the state's choice-of-law rules." *See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 599-600 (4th Cir. 2004) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938)).

is not considered sufficiently unequivocal to support an anticipatory breach." *Jones v. Custom Truck & Equipment, LLC*, No. 3:10cv611, 2011 WL 250997at *3 (E.D. Va. Jan. 25, 2011) (citations omitted); *see also Yorktowne Shopping Center, LLC v. National Sur. Corp.,* 2011 WL 2414839 (E.D. Va. Jun. 15, 2011) (finding that a conditional repudiation where contract performance was paused pending further adjustments and negotiations between the parties was not an "absolute" and "unequivocal" refusal to constitute an anticipatory breach).

Here, the Richardses contend that Count II is predicated on State Farm's "steadfast and resolute refusal to adjust or pay the claim[,]" and not merely the filing of the declaratory judgment action. (ECF No. 30 at 3.) While both parties agree that State Farm has not granted or denied the Richardses' claim, the Richardses argue that State Farm's refusal to do so amounts to repudiation and is "indistinguishable from an outright claim denial." (*Id.* at 4, 9.) Indeed, they allege that State Farm has repudiated the contract by "seeking to have this Court declare it void and ma[king] clear that it has no intention of paying under the insurance contract at all." (ECF No. 17 ¶ 62). This renunciation, they contend, goes to the very essence of the contract and is "both absolute and unequivocal." (*Id.*  ¶¶ 63-64.)

However, though the Richardses appear to construe the results of State Farm's investigation and its indication that the contract may be void as a renunciation of the contract, this alone does not amount to an absolute and unequivocal refusal to perform. The fact remains that the claim has not yet been denied, and State Farm has sought this Court's guidance as to resolve the contract dispute prior to denying or accepting the claim. Absent a positive and unequivocal declaration—such as an outright claim denial—the counterclaim for anticipatory breach of contract fails. *See Great American Ins. Co. v. GRM Mgmt., LLC,* No. 3:14CV295, 2014 WL 6673902 at *8 (E.D. Va. Nov. 24, 2014).

The facts in *Great American* are analogous to the present case: there, an insurer filed a declaratory judgment action seeking a declaration that it was not obligated to pay a claim based on policy exclusions or limitations. *Id.* at *4. As in the instant matter, the insurer filed for declaratory judgment before coverage was denied. *Id.* at *7. The defendant filed a counterclaim alleging that the insurer had anticipatorily breached the insurance contract due to its refusal to "[1] adjust the Claim in a timely and good faith manner, . . . [2] accept coverage under the Policy[,] and . . . [3] pay the [L]oss in accordance with the [P]olicy terms." *Id.* at *5. The Court granted the insurer's motion to dismiss the anticipatory breach of contract counterclaim, finding that it failed to allege that the insurer had "made such a positive, unconditional, and unequivocal declaration to refuse to provide coverage under the Policy." *Id.* at *8. As is the case here, the refusal to grant or deny the insurance claim pending the outcome of the declaratory judgment action falls short of an absolute and unequivocal refusal to perform that would constitute an anticipatory breach of the Homeowner's Policy.

While the difference between an outright claim denial and a request for declaratory judgment may be indistinguishable for the Richardses in terms of its practical implications, the filing of a declaratory action is not the legal equivalent of a denial, nor does it suffice to qualify as a total repudiation of the contract. State Farm has petitioned this Court for declaratory relief as an alternative to denying the claim. As the Richardses concede, an actual, justiciable controversy exists among the parties regarding their respective rights, duties, status and other legal relations, and obligations, if any, under the terms and conditions of the Homeowners Policy. (ECF No. 17 ¶ 60.) This Court has recognized the importance of declaratory judgment as a remedy to "guide the parties in their future conduct in relation to each other, thereby relieving them of the risk of taking undirected action incident to their rights." *Seneca Ins. Co. v. Shipping Boxes I, LLC*, 30 F. Supp.

3d 506, 511 (E.D. Va. 2014). "Were the filing of such an action, or the statements made therein, to itself be a breach of the insurance contract, that purpose would be contravened." *Id.* Moreover, "numerous courts have concluded that neither the filing of a declaratory judgment action nor the allegations made in support of such an action can form the basis of a claim for anticipatory repudiation." *Id.* (citing *Landwehr v. F.D.I.C.,* 734 F.Supp.2d 161, 169 (D.D.C.2010)). This Court agrees; the purpose of State Farm's declaratory judgment action is defeated entirely if such conduct amounts to an anticipatory breach of the contract.

State Farm's request for clarification as to the terms of the Homeowner's Policy through this declaratory judgment action, and its decision to pause performance on the contract until it receives such guidance, falls short of a repudiation of the contract. In the absence of allegations that demonstrate State Farm's "positive, unconditional, and unequivocal declaration of fixed purpose not to perform the contract in any event or at any time," *Fairfax*, 582 F.2d at 1326, the Richardses' counterclaim for anticipatory breach of contract (Count II) fails as a matter of law.

## IV.    CONCLUSION

For the reasons stated above, the Court GRANTS State Farm's Motion to Dismiss and DISMISSES Count II of the Counterclaim. Let the Clerk notify all counsel of record.

It is SO ORDERED.

/s/ MRC
_____
Mark R. Colombell
United States Magistrate Judge

Richmond, Virginia
Date: September 24, 2025

7